IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. ______________________ |
| TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD., | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively, "Plaintiffs" or "Takeda"), as and for their Complaint against Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (together, "Defendants" or "Teva"), allege as follows:

## THE PARTIES

1. Plaintiff Takeda Pharmaceutical Company Limited ("Takeda Japan") is a Japanese corporation, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan. As part of its business, Takeda Japan is involved in the research, development, and marketing of pharmaceutical products. Takeda Japan manufactures lansoprazole orally disintegrating tablets.

2. Plaintiff Takeda Japan is the owner of record and assignee of U.S. Patent No. 6,328,994 (" '994 Patent"), U.S. Patent No. 7,431,942 (" '942 Patent"), U.S. Patent No.

7,875,292 (" '292 Patent"), and U.S. Patent No. 7,399,485 (" '485 Patent") (collectively, "the patents-in-suit").

3. Plaintiff Takeda Pharmaceuticals U.S.A., Inc. ("Takeda U.S.A.") is a Delaware corporation, having a principal place of business at One Takeda Parkway, Deerfield, Illinois 60015. As part of its business, Takeda U.S.A. is involved in the research, development, and marketing of pharmaceutical products. Takeda U.S.A. is the registered holder of approved New Drug Application ("NDA") No. 21-428. In addition, Takeda U.S.A. has the exclusive right to import lansoprazole orally disintegrating tablets into the United States. Takeda U.S.A. purchases from Takeda Japan and imports into the United States, lansoprazole orally disintegrating tablets manufactured by Takeda Japan.

4. Plaintiff Takeda Pharmaceuticals America, Inc. ("Takeda America") is a Delaware corporation, having a principal place of business at One Takeda Parkway, Deerfield, Illinois 60015. As part of its business, Takeda America is involved in the purchase, sale, and marketing of pharmaceutical products. Takeda America has the exclusive right to purchase lansoprazole orally disintegrating tablets from Takeda U.S.A. and sell those tablets to the public in the United States. Takeda America sells lansoprazole orally disintegrating tablets manufactured by Takeda Japan that it purchases from Takeda U.S.A. to the public in the United States.

5. On information and belief, Teva USA is a Delaware corporation, having its principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454, and is in the business of, among other things, manufacturing, selling, and marketing generic copies of branded pharmaceutical products throughout the United States, including in this District.

6. On information and belief, Teva Ltd. is organized under the laws of Israel and has a principal place of business at 5 Basel Street, Petach Tikva 49131, Israel, and is in the business

of, among other things, manufacturing, selling, and marketing generic copies of branded pharmaceutical products throughout the United States, including in this District.

7. On information and belief, Teva Ltd. owns 100% of the ownership and voting interest in Teva USA.

8. On information and belief, Teva USA is controlled and/or dominated by Teva Ltd.

9. On information and belief, Teva Ltd. conducts its North American operations, in part, through Teva USA.

10. On information and belief, Teva USA and Teva Ltd. operate and act in concert as an integrated, unitary business for purposes of manufacturing, marketing, selling, and distributing generic pharmaceutical products.

## JURISDICTION AND VENUE

11. This action arises under the patent laws of the United States of America, Title 35, United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12. Teva USA is subject to personal jurisdiction in this District by virtue of, *inter alia*, its incorporation in Delaware, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial and continuing contacts within the State.

13. On information and belief, Teva Ltd. regularly transacts business within this District and derives substantial revenue from services or things used or consumed in this jurisdiction, including but not limited to directing the operations and management of Teva USA, as well as shipping pharmaceuticals to Teva USA from locations outside the United States for

distribution by Teva USA within the United States generally, and within this District specifically.

14. On information and belief, Teva USA acts as an agent of Teva Ltd. with respect to the acts complained of herein.

15. On information and belief, the acts of Teva USA complained of herein were done at the direction of, with the authorization of, with the cooperation, participation, and assistance of, and, in part, for the benefit of Teva Ltd.

16. On information and belief, Teva Ltd. directed Teva USA to perform the acts complained of herein, in whole or in part, to shield itself from liability for patent infringement based upon those acts.

17. On information and belief, Teva Ltd. and Teva USA know and intend that, following any approval of Abbreviated New Drug Application ("ANDA") No. 208784, Teva's Proposed ANDA Products will be distributed and sold in Delaware.

18. Teva USA's acts and contacts with this District, as an agent of Teva Ltd., are attributable to Teva Ltd. for jurisdictional purposes.

19. Teva Ltd. is subject to personal jurisdiction in this District by virtue of, *inter alia*, its incorporation of Teva USA in Delaware, its conduct of business in this District, its purposeful availment of the rights and benefits of Delaware law, and its substantial and continuing contacts within the State.

20. Teva Ltd. and Teva USA are also subject to personal jurisdiction in this District because, on information and belief, Teva Ltd. and Teva USA acted collaboratively in the preparation and submission of ANDA No. 208784 to the United States Food and Drug

Administration ("FDA") for the purpose of obtaining approval to distribute and sell Teva's Proposed ANDA Products throughout the United States, including in Delaware.

21. Teva Ltd. and Teva USA are also subject to the personal jurisdiction in this District because it purposefully availed themselves of the benefits and protections of this Court when they brought patent infringement actions in this Court. *See e.g.*, *Teva Pharmaceuticals USA, Inc. et al. v. Synthon Pharmaceuticals, Inc. et al.*, No. 1:14-cv-01419-GMS (D. Del.) and *Teva Pharmaceuticals USA, Inc. et al. v. Mylan Pharmaceuticals Inc. et al.*, No. 1:14-cv-01278-GMS (D. Del.). Teva Ltd. and Teva USA have also been sued in this District without objection that this Court lacks personal jurisdiction over them. *See e.g.*, *UCB, Inc. et al. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 1:13-cv-01148-LPS (D. Del.) and *Millennium Pharmaceuticals., Inc. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 1:14-cv-00093-GMS (D. Del.).

22. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTS PERTINENT TO ALL CLAIMS FOR RELIEF**

23. On December 11, 2001, the United States Patent and Trademark Office ("PTO") issued the '994 Patent, entitled "Orally Disintegrable Tablets," to Takeda Chemical Industries, Ltd. (now Takeda Pharmaceutical Company Ltd.), the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata. Plaintiff Takeda Japan is the record owner of the '994 Patent. A copy of the '994 Patent is attached hereto as Exhibit A.

24. On October 7, 2008, the PTO issued the '942 Patent, entitled "Orally Disintegrable Tablets," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata. Plaintiff Takeda Japan is the record owner of the '942 Patent. A copy of the '942 Patent is attached hereto as Exhibit B.

25. On January 25, 2011, the PTO issued the '292 Patent, entitled "Orally Disintegrable Tablets," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata. Plaintiff Takeda Japan is the record owner of the '292 Patent. A copy of the '292 Patent is attached hereto as Exhibit C.

26. On July 15, 2008, the PTO issued the '485 Patent, entitled "Rapidly Disintegrable Solid Preparation," to Takeda Pharmaceutical Company Limited, the assignee of the named inventors Toshihiro Shimizu, Masae Sugaya, and Yoshinori Nakano. Plaintiff Takeda Japan is the record owner of the '485 Patent. A copy of the '485 Patent is attached hereto as Exhibit D.

27. On August 30, 2002, FDA approved NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg. Plaintiff Takeda U.S.A. is the holder of NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, which Plaintiff Takeda America sells under the name Prevacid® SoluTab™.

28. The patents-in-suit are listed in a FDA publication entitled *Approved Drug Products with Therapeutic Equivalence Evaluations* (known as the "Orange Book") for Prevacid® SoluTab™, lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg.

29. On information and belief, through the coordinated efforts of its staff worldwide, Teva Ltd. seeks to constantly expand the range of generic products it sells.

30. On information and belief, Teva Ltd. and Teva USA collaborate in the manufacture, marketing, and sale of many pharmaceutical products (including generic drug products manufactured and sold pursuant to an approved ANDA) within the United States generally and the State of Delaware specifically.

31. On information and belief, Teva Ltd. actively reviews pharmaceutical patents and seeks opportunities to challenge those patents.

32. On information and belief, Teva Ltd. reviewed the patents-in-suit and certain commercial and economic information relating to Prevacid® SoluTab™, including estimates of the revenues generated by the sale of Prevacid® SoluTab™, and decided to file an ANDA, seeking approval to market lansoprazole delayed release orally disintegrating tablets.

33. On information and belief, Teva Ltd. and Teva USA collaborated in the research, development, preparation and filing of ANDA No. 208784 for lansoprazole delayed release orally disintegrating tablets.

34. On information and belief, Teva USA submitted to FDA ANDA No. 208784 seeking approval to engage in the commercial manufacture, use, and sale of lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, prior to the expiration of the patents-in-suit.

35. Plaintiffs received a letter from Teva USA, dated February 29, 2016, notifying Plaintiffs that ANDA No. 208784 includes a certification under 21 U.S.C. 355(j)(2)(A)(vii)(IV) (a "Paragraph IV certification") that, in Teva USA's opinion, no valid, enforceable claim of the patents-in-suit will be infringed by the commercial manufacture, use, or sale of the lansoprazole delayed release orally disintegrating tablet products described in ANDA No. 208784.

36. On information and belief, Teva Ltd. made the ultimate decision to file ANDA No. 208784 with FDA, and encouraged and directed Teva USA to file ANDA No. 208784 and the Paragraph IV certification, and Teva USA did so at Teva Ltd.'s direction.

37. On information and belief, Teva Ltd. was necessarily aware of the patents-in-suit when it directed Teva USA to file ANDA No. 208784 with a Paragraph IV certification.

38. Plaintiffs commenced this action within 45 days of the date they received Teva USA's notice of ANDA No. 208784 containing the Paragraph IV certification.

39. On information and belief, Teva Ltd. and Teva USA will continue to collaborate in seeking approval of ANDA No. 208784 from FDA and intend to collaborate in the commercial manufacture, marketing, and sale of lansoprazole delayed release orally disintegrating tablets (including commercial marketing and sale of such products in the State of Delaware) in the event that FDA approves ANDA No. 208784.

**FIRST CLAIM FOR RELIEF**
**(Direct Infringement of the '994 Patent by Defendants)**

40. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 39 hereof, as if fully set forth herein.

41. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '994 Patent.

42. By filing ANDA No. 208784 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets products described therein, prior to the expiration of the '994 Patent with pediatric exclusivity, Defendants have infringed the '994 Patent under 35 U.S.C. § 271(e)(2).

43. Defendants were aware of the existence of the '994 Patent prior to filing ANDA No. 208784 but took such action knowing that it would constitute infringement of the '994 Patent.

44. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the '994 Patent.

45. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

46. Takeda will be irreparably harmed if Defendants are not enjoined from infringing the '994 Patent.

**SECOND CLAIM FOR RELIEF**
**(Inducement of Infringement of the '994 Patent by Teva Ltd.)**

47. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 46 hereof, as if fully set forth herein.

48. Through the conduct alleged above, Teva Ltd. has knowingly and actively induced Teva USA to infringe, and continue to infringe, one or more claims of the '994 patent.

49. By reason of Teva Ltd.'s inducement of Teva USA's direct infringement of the '994 Patent, Teva Ltd. has caused and continue to cause irreparable harm to Plaintiffs.

50. On information and belief, Teva Ltd.'s inducement of Teva USA's direct infringement of the '994 Patent will continue unless enjoined by this Court.

51. Plaintiffs have no adequate remedy at law for Teva Ltd.'s inducement of Teva USA's direct infringement of the '994 Patent.

52. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

**THIRD CLAIM FOR RELIEF**
**(Direct Infringement of the '942 Patent by Defendants)**

53. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 52 hereof, as if fully set forth herein.

54. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '942 Patent.

55. By filing ANDA No. 208784 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets products described therein, prior to the expiration of the '942 Patent

with pediatric exclusivity, Defendants have infringed the ‘942 Patent under 35 U.S.C. § 271(e)(2).

56. Defendants were aware of the existence of the ‘942 Patent prior to filing ANDA No. 208784 but took such action knowing that it would constitute infringement of the ‘942 Patent.

57. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the ‘942 Patent.

58. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

59. Takeda will be irreparably harmed if Defendants are not enjoined from infringing the ‘942 Patent.

**FOURTH CLAIM FOR RELIEF**
**(Inducement of Infringement of the ‘942 Patent by Teva Ltd.)**

60. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 59 hereof, as if fully set forth herein.

61. Through the conduct alleged above, Teva Ltd. has knowingly and actively induced Teva USA to infringe, and continue to infringe, one or more claims of the ‘942 patent.

62. By reason of Teva Ltd.'s inducement of Teva USA's direct infringement of the ‘942 Patent, Teva Ltd. has caused and continue to cause irreparable harm to Plaintiffs.

63. On information and belief, Teva Ltd.'s inducement of Teva USA's direct infringement of the ‘942 Patent will continue unless enjoined by this Court.

64. Plaintiffs have no adequate remedy at law for Teva Ltd.'s inducement of Teva USA's direct infringement of the ‘942 Patent.

65. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

**FIFTH CLAIM FOR RELIEF**
**(Direct Infringement of the '292 Patent by Defendants)**

66. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 65 hereof, as if fully set forth herein.

67. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '292 Patent.

68. By filing ANDA No. 208784 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets products described therein, prior to the expiration of the '292 Patent with pediatric exclusivity, Defendants have infringed the '292 Patent under 35 U.S.C. § 271(e)(2).

69. Defendants were aware of the existence of the '292 Patent prior to filing ANDA No. 208784 but took such action knowing that it would constitute infringement of the '292 Patent.

70. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the '292 Patent.

71. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

72. Takeda will be irreparably harmed if Defendants are not enjoined from infringing the '292 Patent.

**SIXTH CLAIM FOR RELIEF**
**(Inducement of Infringement of the '292 Patent by Teva Ltd.)**

73. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 72 hereof, as if fully set forth herein.

74. Through the conduct alleged above, Teva Ltd. has knowingly and actively induced Teva USA to infringe, and continue to infringe, one or more claims of the '292 patent.

75. By reason of Teva Ltd.'s inducement of Teva USA's direct infringement of the '292 Patent, Teva Ltd. has caused and continue to cause irreparable harm to Plaintiffs.

76. On information and belief, Teva Ltd.'s inducement of Teva USA's direct infringement of the '292 Patent will continue unless enjoined by this Court.

77. Plaintiffs have no adequate remedy at law for Teva Ltd.'s inducement of Teva USA's direct infringement of the '292 Patent.

78. Defendants' conduct renders this case "exceptional" within the meaning of 35 U.S.C. § 285.

**SEVENTH CLAIM FOR RELIEF**
**(Direct Infringement of the '485 Patent by Defendants)**

79. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 78 hereof, as if fully set forth herein.

80. Through the conduct alleged above, Defendants have directly infringed, and continue to directly infringe, one or more claims of the '485 Patent.

81. By filing ANDA No. 208784 with a Paragraph IV certification seeking FDA approval to engage in the commercial manufacture, use and sale of lansoprazole delayed release orally disintegrating tablets products described therein, prior to the expiration of the '485 Patent with pediatric exclusivity, Defendants have infringed the '485 Patent under 35 U.S.C. § 271(e)(2).

82. Defendants were aware of the existence of the ‘485 Patent prior to filing ANDA No. 208784 but took such action knowing that it would constitute infringement of the ‘485 Patent.

83. On information and belief, Defendants acted without a reasonable basis for a good faith belief that they would not be liable for infringing the ‘485 Patent.

84. Defendants’ conduct renders this case “exceptional” within the meaning of 35 U.S.C. § 285.

85. Takeda will be irreparably harmed if Defendants are not enjoined from infringing the ‘485 Patent.

**EIGHTH CLAIM FOR RELIEF**
**(Inducement of Infringement of the ‘485 Patent by Teva Ltd.)**

86. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 85 hereof, as if fully set forth herein.

87. Through the conduct alleged above, Teva Ltd. has knowingly and actively induced Teva USA to infringe, and continue to infringe, one or more claims of the ‘485 patent.

88. By reason of Teva Ltd.’s inducement of Teva USA’s direct infringement of the ‘485 Patent, Teva Ltd. has caused and continue to cause irreparable harm to Plaintiffs.

89. On information and belief, Teva Ltd.’s inducement of Teva USA’s direct infringement of the ‘485 Patent will continue unless enjoined by this Court.

90. Plaintiffs have no adequate remedy at law for Teva Ltd.’s inducement of Teva USA’s direct infringement of the ‘485 Patent.

91. Defendants’ conduct renders this case “exceptional” within the meaning of 35 U.S.C. § 285.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. An order adjudging and decreeing that Defendants have infringed the patents-in-suit;

B. An order adjudging and decreeing that Teva Ltd. has induced infringement of the patents-in-suit;

C. An order pursuant to 35 U.S.C. § 271(e)(4)(A) decreeing that the effective date of any approval of ANDA No. 208784 be no earlier than the expiration date of the last of the patents-in-suit, including any extensions and/or exclusivities;

D. A preliminary and permanent injunction pursuant to 35 U.S.C. § 271(e)(4)(B) restraining and enjoining Defendants, their officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the lansoprazole products described in ANDA No. 208784 or any other ANDA not colorably different from ANDA No. 208784 until the expiration date of the last of the patents-in-suit, including any extensions and/or exclusivities;

E. A declaration that this case is exceptional and an award of attorneys' fees pursuant to 35 U.S.C. § 285 and costs and expenses in this action; and

F. Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack. B. Blumenfeld (#1024)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Eric J. Lobenfeld
Arlene L. Chow
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

April 8, 2016