IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. No. 16-246-LPS |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendant. | ) | |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S**
**AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Teva Pharmaceuticals USA, Inc. ("Teva" or "Defendant") by and through the undersigned attorneys, submits the following Amended Answer, Affirmative Defenses, and Counterclaims in response to the Complaint of Plaintiffs Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals American, Inc. (collectively, "Takeda" or "Plaintiffs") as follows. Teva denies all allegations in Plaintiffs' Complaint except those admitted specifically below. This pleading is based upon Teva's knowledge as to its own activities, and upon information and belief as to the activities of others.

**THE PARTIES**

1. Teva lacks sufficient knowledge to confirm the truth of the allegations in Paragraph 1, and therefore denies them.

2. Teva admits that according to assignment records maintained at the USPTO (uspto.gov), Takeda Pharmaceutical Company Limited is the owner (assignee) of the '994 patent, the '942 patent, and the '485 patent. Teva also admits that the face of the '292 patent

indicates Takeda Pharmaceutical Company Limited is the assignee. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 2, and therefore denies them.

3. Teva admits that according to records maintained by the state of Delaware (delaware.gov), Takeda Pharmaceuticals U.S.A., Inc. is a Delaware corporation. Teva also admits that according to records of FDA approved drug products maintained at the FDA (fda.gov), Takeda Pharmaceuticals U.S.A., Inc. is the holder of New Drug Application ("NDA") No. 021428. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 3, and therefore denies them.

4. Teva admits that according to records maintained by the state of Delaware (delaware.gov), Takeda Pharmaceuticals America, Inc. is a Delaware corporation. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 4, and therefore denies them.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Teva admits that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454. Teva further admits it manufactures, sells, and markets generic pharmaceutical products for sale and use throughout the United States, including in this judicial district.

6. Paragraph 6 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Pharmaceutical Industries Ltd. ("Teva Ltd."). *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

7. Teva admits that it is an indirect wholly-owned subsidiary of Teva Ltd.

8. Paragraph 8 contains legal conclusions to which no response is required.

9. Paragraph 9 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent an answer is required, Teva admits that it is an indirect wholly-owned subsidiary of Teva Ltd.

**JURISDICTION AND VENUE**

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent an answer is required, Teva admits that the Complaint purports to bring an action for patent infringement and that the action arises under Title 35 of the United States Code. Teva admits that, for the purposes of this action only, the Court has jurisdiction over the subject matter of this action.

12. Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, and solely to conserve the resources of the parties and the Court, Teva does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.

13. Paragraph 13 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

14. Paragraph 14 contains legal conclusions to which no response is required.

Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to the allegations regarding Teva Ltd. in paragraph 14 is required from Teva.

15. Paragraph 15 contains legal conclusions to which no response is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to the allegations regarding Teva Ltd. in paragraph 15 is required from Teva.

16. Paragraph 16 contains legal conclusions to which no response is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to the allegations regarding Teva Ltd. in paragraph 16 is required from Teva.

17. To the extent Paragraph 17 is directed to Teva Ltd., no answer is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. The remaining allegations of Paragraph 17 relate to future conduct as to which no final decision has been made, and Teva therefore denies them.

18. Paragraph 18 contains legal conclusions to which no response is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to the allegations regarding Teva Ltd. in paragraph 18 is required from Teva.

19. Paragraph 19 contains legal conclusions to which no response is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to the allegations regarding Teva Ltd. in paragraph 19 is required from Teva.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent Paragraph 20 is directed to Teva Ltd., no answer is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. To the extent a response is required by Teva, and solely to conserve the resources of the parties and the Court, Teva does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent Paragraph 21 is directed to Teva Ltd., no answer is required. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. To the extent a response is required by Teva, and solely to conserve the resources of the parties and the Court, Teva does not contest personal jurisdiction in this judicial district for the limited purpose of this action only.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent that a response is required, Teva admits that Plaintiffs purport to base venue on 28 U.S.C. §§ 1391 and 1400(b). Teva does not contest venue in this judicial district for the limited purpose of this action only.

## FACTS PERTINENT TO ALL CLAIMS FOR RELIEF

23. On information and belief, Teva admits that the United States Patent and Trademark Office ("USPTO") issued the '994 patent, titled "Orally Disintegrable Tablets," a purported copy of which was attached to Plaintiffs' complaint as Exhibit A, on December 11, 2001. Teva admits the face of the '994 patent lists Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata as the inventors and Takeda Chemical Industries, Ltd. as the purported assignee. Teva admits that according to assignment records maintained at the USPTO (uspto.gov), Takeda Pharmaceutical Company Limited is the owner (assignee) of the '994 patent. Teva lacks

sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 23, and therefore denies them.

24. On information and belief, Teva admits that the USPTO issued the ’942 patent, titled “Orally Disintegrable Tablets,” a purported copy of which was attached to Plaintiffs’ complaint as Exhibit B, on October 7, 2008. Teva admits the face of the ’942 patent lists Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata as the inventors and Takeda Pharmaceutical Company Limited as the purported assignee. Teva admits that according to assignment records maintained at the USPTO (uspto.gov), Takeda Pharmaceutical Company Limited is the owner (assignee) of the ‘942 patent. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 24, and therefore denies them.

25. On information and belief, Teva admits that the USPTO issued the ’292 patent, titled “Orally Disintegrable Tablets,” a purported copy of which was attached to Plaintiffs’ complaint as Exhibit C, on January 25, 2011. Teva admits the face of the ’292 patent lists Toshihiro Shimizu, Shuji Morimoto, and Tetsuro Tabata as the inventors and Takeda Pharmaceutical Company Limited as the purported assignee. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 25, and therefore denies them.

26. On information and belief, Teva admits that the USPTO issued the ’485 patent, titled “Rapidly Disintegrable Solid Preparation,” a purported copy of which was attached to Plaintiffs’ complaint as Exhibit D, on July 15, 2008. Teva admits the face of the ’485 patent lists Toshihiro Shimizu, Masae Sugaya, and Yoshinori Nakano as the inventors and Takeda Pharmaceutical Company Limited as the purported assignee. Teva admits that according to assignment records maintained at the USPTO (uspto.gov), Takeda Pharmaceutical Company Limited is the owner (assignee) of the ‘485 patent. Teva lacks sufficient knowledge to confirm

the truth of the remaining allegations in Paragraph 26, and therefore denies them.

27. On information and belief, Teva admits that Takeda U.S.A. is listed as the holder of New Drug Application ("NDA") No. 021428 for lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg, which are sold under the trade name Prevacid® SoluTab™. Teva admits the FDA's website lists the approval date of NDA No. 021428 as August 30, 2002. Teva lacks sufficient knowledge to confirm the truth of the remaining allegations in Paragraph 27, and therefore denies them.

28. Teva admits that the patents-in-suit appear to be listed in the "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book") in connection with Prevacid®, lansoprazole delayed release orally disintegrating tablets, 15 and 30 mg.

29. Paragraph 29 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

30. Paragraph 30 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

31. Paragraph 31 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

32. Paragraph 32 is directed to an entity that is no longer a party to this litigation.

Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

33. Paragraph 33 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

34. Teva admits the allegations in Paragraph 34.

35. Teva admits that by a letter dated February 29, 2016, it notified Plaintiffs that Teva had submitted ANDA No. 208784, which included a Paragraph IV certification that no valid, enforceable claim of the patents-in-suit will be infringed by the commercial manufacture, use, or sale of Teva's proposed product in ANDA No. 208784.

36. Paragraph 36 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

37. Paragraph 37 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

38. Upon information and belief, Teva admits the allegations in Paragraph 38.

39. Paragraph 39 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of

the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

**FIRST CLAIM FOR RELIEF: DIRECT INFRINGEMENT OF THE ’994 PATENT**

40. Teva re-incorporates its responses to the preceding paragraphs above.

41. Teva denies the allegations in Paragraph 41.

42. Teva denies the allegations in Paragraph 42.

43. Teva denies the allegations in Paragraph 43.

44. Teva denies the allegations in Paragraph 44.

45. Teva denies the allegations in Paragraph 45.

46. Teva denies the allegations in Paragraph 46.

**SECOND CLAIM FOR RELIEF: INDUCEMENT OF INFRINGEMENT OF THE ’994 PATENT BY TEVA LTD.**

47. Teva re-incorporates its responses to the proceeding paragraphs above.

48. Paragraph 48 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

49. Paragraph 49 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

50. Paragraph 50 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding

Teva Ltd. is required from Teva.

51. Paragraph 51 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

52. Paragraph 52 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

**THIRD CLAIM FOR RELIEF: DIRECT INFRINGEMENT OF THE '942 PATENT**

53. Teva re-incorporates its responses to the proceeding paragraphs above.

54. Teva denies the allegations in Paragraph 54.

55. Teva denies the allegations in Paragraph 55.

56. Teva denies the allegations in Paragraph 56.

57. Teva denies the allegations in Paragraph 57.

58. Teva denies the allegations in Paragraph 58.

59. Teva denies the allegations in Paragraph 59.

**FOURTH CLAIM FOR RELIEF: INDUCEMENT OF INFRINGEMENT OF THE '942 PATENT BY TEVA LTD.**

60. Teva re-incorporates its responses to the proceeding paragraphs above.

61. Paragraph 61 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

62. Paragraph 62 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

63. Paragraph 63 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

64. Paragraph 64 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

65. Paragraph 65 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

**FIFTH CLAIM FOR RELIEF: DIRECT INFRINGEMENT OF THE ’292 PATENT**

66. Teva re-incorporates its responses to the proceeding paragraphs above.

67. Teva denies the allegations in Paragraph 67.

68. Teva denies the allegations in Paragraph 68.

69. Teva denies the allegations in Paragraph 69.

70. Teva denies the allegations in Paragraph 70.

71. Teva denies the allegations in Paragraph 71.

72. Teva denies the allegations in Paragraph 72.

## SIXTH CLAIM FOR RELIEF: INDUCEMENT OF INFRINGEMENT OF THE '292 PATENT BY TEVA LTD.

73. Teva re-incorporates its responses to the proceeding paragraphs above.

74. Paragraph 74 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

75. Paragraph 75 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

76. Paragraph 76 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

77. Paragraph 77 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

78. Paragraph 78 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

**SEVENTH CLAIM FOR RELIEF: DIRECT INFRINGEMENT OF THE '485 PATENT**

79. Teva re-incorporates its responses to the proceeding paragraphs above.

80. Teva denies the allegations in Paragraph 80.

81. Teva denies the allegations in Paragraph 81.

82. Teva denies the allegations in Paragraph 82.

83. Teva denies the allegations in Paragraph 83.

84. Teva denies the allegations in Paragraph 84.

85. Teva denies the allegations in Paragraph 85.

**EIGHTH CLAIM FOR RELIEF: INDUCEMENT OF INFRINGEMENT OF THE '485 PATENT BY TEVA LTD.**

86. Teva re-incorporates its responses to the proceeding paragraphs above.

87. Paragraph 87 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

88. Paragraph 88 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

89. Paragraph 89 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

90. Paragraph 90 is directed to an entity that is no longer a party to this litigation.

Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

91. Paragraph 91 is directed to an entity that is no longer a party to this litigation. Pursuant to the Stipulation submitted on May 13, 2016, the parties have stipulated to dismissal of the action against Teva Ltd. *See* ECF No. 10. Accordingly, no answer to allegations regarding Teva Ltd. is required from Teva.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint is a prayer for relief, and does not require a response. To the extent any response is required, Teva denies that Plaintiffs are entitled to any remedy or relief.

## AFFIRMATIVE DEFENSES

Teva hereby asserts the following defenses without undertaking or otherwise shifting any applicable burdens of proof. Teva reserves the right to assert additional defenses, as warranted by facts learned through investigation and discovery.

### First Affirmative Defense

The filing of Teva's ANDA No. 208784 has not infringed, and does not infringe any valid and enforceable claims of the '994, '942, '292 and '485 patents, either directly or indirectly, and either literally or under the doctrine of equivalents.

### Second Affirmative Defense

The manufacture, use, sale, or offer for sale of Teva's proposed generic products that are the subject of ANDA No. 208784 has not infringed, does not infringe, and would not, if marketed, infringe any valid and enforceable claims of the '994, '942, '292 and '485 patents, either directly or indirectly, and either literally or under the doctrine of equivalents.

**Third Affirmative Defense**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**

Teva's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**Fifth Affirmative Defense**

Claims of the '994 patent are invalid under one or more provisions of sections 102 and/or 103 of Title 35 of the United States Code.

**Sixth Affirmative Defense**

Any additional defenses that discovery may reveal.

WHEREFORE, Teva requests that Plaintiffs' Complaint be dismissed with prejudice and that Teva be awarded the costs of this action, its attorneys' fees, and all other relief that this Court deems just and proper.

**COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Teva Pharmaceuticals USA, Inc. ("Teva"), by way of counterclaim against Plaintiffs-Counterclaim Defendants Takeda Pharmaceutical Company Limited, Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc., (collectively, "Takeda"), states as follows:

**Jurisdiction and Venue**

1. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. This Court has jurisdiction over the subject matter of this action

pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Takeda because, among other reasons, they subjected themselves to the jurisdiction of this Court by filing their Complaint here.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

5. There is an actual and justiciable controversy between the parties as to the infringement of U.S. Patent Nos. 6,328,994 ("the '994 patent"), 7,431,942 ("the '942 patent"), 7,875,292 ("the '292 patent") and 7,399,485 ("the '485 patent") (collectively, "the patents-in-suit").

**Parties**

6. Teva Pharmaceuticals USA, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

7. Upon information and belief, Plaintiff Takeda Pharmaceutical Company Limited ("Takeda Japan") is a Japanese corporation having a principal place of business at 1-1, Doshomachi 4-chome, Chuoku, Osaka, Japan.

8. Upon information and belief, Plaintiff Takeda Pharmaceuticals, U.S.A., Inc., ("Takeda U.S.A.") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at One Takeda Parkway, Deerfield, Illinois, 60015.

9. Upon information and belief, Plaintiff Takeda Pharmaceuticals America, Inc., is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Takeda Parkway, Deerfield, Illinois 60015.

## Factual Background

**A. FDA Approval Of New Brand Name Drugs**

10. The Federal Food, Drug, and Cosmetic Act ("FFDCA"), 21 U.S.C. § 301 *et seq.*, as amended by the Hatch-Waxman Amendments, sets forth the rules that the Food and Drug Administration ("FDA") follows when considering whether to approve the marketing of both brand-name and generic drugs.

11. Under the FFDCA, an applicant seeking to market a new brand-name drug must prepare a New Drug Application ("NDA") for consideration by the FDA. *See* 21 U.S.C. § 355.

12. An NDA must include, among other things, the number of any patent that allegedly claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an unauthorized party. *See* 21 U.S.C. § 355(b)(1), -(c)(2); 21 C.F.R. § 314.53(b)(1), -(c)(2).

13. Upon approval of the NDA, the FDA publishes patent information for the approved drug in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 C.F.R. § 314.53(e).

14. The FDA's duties with respect to Orange Book listings are purely ministerial. If the NDA-holder submits a patent to the FDA for listing in the Orange Book, the patent is listed in the Orange Book. *See* 21 U.S.C. § 355(b)(1); 21 C.F.R. § 314.53(e)-(f). The FDA does not substantively review the submitted patent information to ensure that it is accurate or that the NDA holder properly submitted it in connection with the NDA drug (or "reference listed drug"), but instead relies on the NDA holder to properly list the patents.

**B. FDA Approval Of New Generic Drugs**

15. In 1984, Congress enacted the Drug Price Competition and Patent Term Restoration Act, also known as the Hatch-Waxman Amendments, to the FFDCA. *See* Pub. L.

No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. § 355 and 35 U.S.C. §§ 156, 271(e)). Congress passed the Hatch-Waxman Amendments, which simplified the procedure for obtaining approval of generic drugs, for the purpose of decreasing the cost of pharmaceuticals through increased competition.

16. Under the Hatch-Waxman Amendments, a generic manufacturer submits to the FDA what is called an Abbreviated New Drug Application ("ANDA").

17. Among other things, an ANDA must also contain a "certification" as to each patent that the NDA holder has submitted to the FDA for listing in the Orange Book in connection with the reference listed drug. *See* 21 U.S.C. § 355(j)(2)(A)(vii); 21 C.F.R. § 314.94(a)(12).

18. A "Paragraph IV" certification asserts that the listed patent is invalid, unenforceable, and/or will not be infringed and, on that basis, the applicant seeks FDA approval of the generic product prior to patent expiration. *See* 21 U.S.C. § 355(j)(2)(A)(vii)(IV); *see also* 21 C.F.R. § 314.94(a)(12)(i)(A)(4).

19. An applicant submitting an ANDA containing a Paragraph IV certification must notify both the patent holder and NDA holder of each of its Paragraph IV certifications. *See* 21 U.S.C. § 355(j)(2)(B).

20. Patent holders have a significant strategic incentive to file suit within 45 days of receiving notice of the Paragraph IV certifications because doing so, regardless of merit, automatically prevents the FDA from approving the generic maker's ANDA for a period of 30 months, absent certain exceptions. *See* 21 U.S.C. § 355(j)(5)(B)(iii).

21. If the court hearing the infringement action decides the patent is valid, enforceable, and would be infringed by the product proposed in the ANDA, the FDA will not

approve the ANDA until the patent expires. *Id.* If, however, the court hearing the infringement action rules before the expiration of the 30-month period that the patent is invalid, unenforceable, or not infringed, "including any substantive determination that there is no cause of action for patent infringement or invalidity," the FDA may approve the ANDA effective on the date when the court enters the judgment. *Id.*

**C. Teva's ANDA**

22. Teva submitted its ANDA No. 208784 seeking approval to engage in the commercial use, manufacture, sale, offer for sale or importation into the United States of lansoprazole delayed-Release orally disintegrating tablets ("Teva's ANDA product"), before the expiration of the patents-in-suit.

23. Upon information and belief, the FDA lists Takeda Pharmaceuticals U.S.A., Inc. as the holder of NDA No. 021428 for Prevacid®.

24. Upon information and belief, the USPTO identifies Takeda Pharmaceutical Company Limited as the assignee of the patents-in-suit.

25. Upon information and belief, Takeda Pharmaceuticals U.S.A., Inc. lists the patents-in-suit in the Orange Book in connection with NDA No. 021428.

26. Teva's ANDA includes a Paragraph IV certification with respect to the patents-in-suit.

27. By letter dated February 29, 2016 ("Notice Letter") and pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95, Teva notified Plaintiffs-Counterclaim Defendants, among other things, that it had submitted ANDA No. 208784 to the FDA, seeking approval of said ANDA prior to the expiration of the patents-in-suit.

28. Takeda has alleged in the present action that Teva has infringed and will infringe

the patents-in-suit by filing ANDA No. 208784 with the FDA and seeking FDA approval to engage in the commercial manufacture, use and sale of the products described in that ANDA.

29. As a consequence, there is an actual and justiciable controversy between Teva and Takeda as to whether the claims of the patents-in-suit are being infringed or will be infringed by Teva's submission of ANDA No. 208784 or by the making, using, offering to sell, importing and/or selling of the product described therein. *See Teva Pharm. USA, Inc. v. Novartis Pharm. Corp.*, 482 F.3d 1330, 1344 (Fed. Cir. 2007) ("A justiciable declaratory judgment controversy arises for an ANDA filer when a patentee lists patents in the Orange Book, the ANDA applicant files its ANDA certifying the listed patents under paragraph IV, and the patentee brings an action against the submitted ANDA on one or more of the patents. The combination of these three circumstances is dispositive in establishing an actual declaratory judgment controversy as to all the paragraph IV certified patents, whether the patentee has sued on all or only some of the paragraph IV certified patents.")

**Count I**
**Declaration of Noninfringement of the '994 Patent**

30. Teva restates and incorporates the allegations of Paragraphs 1-29 as if fully set forth herein.

31. Takeda alleges ownership of the '994 patent and has brought claims against Teva alleging infringement of the '994 patent.

32. The manufacture, use, offer to sell, importation, or sale of Teva's ANDA product does not and would not infringe any valid or enforceable claim of the '994 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

33. A present, genuine, and justiciable controversy exists between Teva and Takeda regarding, *inter alia*, the issue of whether the manufacture, use, offer to sell, importation, or sale

of Teva's ANDA product would infringe any valid or enforceable claim of the '994 patent.

34. Teva is entitled to a declaration that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of the '994 patent.

**Count II**
**Declaration of Noninfringement of the '942 Patent**

35. Teva restates and incorporates the allegations of Paragraphs 1-34 as if fully set forth herein.

36. Takeda alleges ownership of the '942 patent and has brought claims against Teva alleging infringement of the '942 patent.

37. The manufacture, use, offer to sell, importation, or sale of Teva's ANDA product does not and would not infringe any valid or enforceable claim of the '942 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

38. A present, genuine, and justiciable controversy exists between Teva and Takeda regarding, *inter alia*, the issue of whether the manufacture, use, offer to sell, importation, or sale of Teva's ANDA product would infringe any valid or enforceable claim of the '942 patent.

39. Teva is entitled to a declaration that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of the '942 patent.

**Count III**
**Declaration of Noninfringement of the '292 Patent**

40. Teva restates and incorporates the allegations of Paragraphs 1-39 as if fully set forth herein.

41. Takeda alleges ownership of the '292 patent and has brought claims against Teva

alleging infringement of the ’292 patent.

42. The manufacture, use, offer to sell, importation, or sale of Teva’s ANDA product does not and would not infringe any valid or enforceable claim of the ’292 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

43. A present, genuine, and justiciable controversy exists between Teva and Takeda regarding, *inter alia*, the issue of whether the manufacture, use, offer to sell, importation, or sale of Teva’s ANDA product would infringe any valid or enforceable claim of the ’292 patent.

44. Teva is entitled to a declaration that the manufacture, use, offer to sell, importation, or sale of Teva’s ANDA products would not infringe any valid or enforceable claim of the ’292 patent.

**Count IV**
**Declaration of Noninfringement of the ’485 Patent**

45. Teva restates and incorporates the allegations of Paragraphs 1-44 as if fully set forth herein.

46. Takeda alleges ownership of the ’485 patent and has brought claims against Teva alleging infringement of the ’485 patent.

47. The manufacture, use, offer to sell, importation, or sale of Teva’s ANDA product does not and would not infringe any valid or enforceable claim of the ’485 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

48. A present, genuine, and justiciable controversy exists between Teva and Takeda regarding, *inter alia*, the issue of whether the manufacture, use, offer to sell, importation, or sale of Teva’s ANDA product would infringe any valid or enforceable claim of the ’485 patent.

49. Teva is entitled to a declaration that the manufacture, use, offer to sell, importation, or sale of Teva’s ANDA products would not infringe any valid or enforceable claim

of the ’485 patent.

**Count V**
**Declaration of Invalidity of the ’994 Patent**

50. Teva restates and incorporates the allegations of Paragraphs 1-49 as if fully set forth herein.

51. Plaintiffs allege ownership of the ’994 patent and have brought claims against Teva alleging infringement of the ’994 patent.

52. On October 7, 2016, Takeda served Preliminary Infringement Contentions asserting that Teva’s ANDA Products infringe independent claims 1 and 29 of the ‘994 patent based on an assumed claim construction that a single component in Teva’s ANDA product is “both” of the two components of the claimed enteric coating layer.

53. Under the claim construction assumed by Takeda to assert infringement, one or more claims of the ’994 patent are invalid under 35 U.S.C. §§ 102 and/or 103 in view of prior art to the ’994 patent including at least one or more of the following prior art references of record at the USPTO during the prosecution of the ‘994 patent: (1) EP 0 761 212 (“Shimizu EP 212); (2) U.S. Patent No. 5,824,339; (3) U.S. Patent No. 6,132,770 (“Lundberg 770”); and/or (4) U.S. Patent No. 5,501,861 (“Makino ‘861”).

54. A present, genuine, and justiciable controversy exists between Teva and Plaintiffs regarding, *inter alia*, the validity of the ’994.

55. Under the claim construction assumed by Takeda to assert infringement, Teva is entitled to a declaration that claims of the ’994 patent are invalid.

56. This case is an exceptional one, and Teva is entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

## REQUEST FOR RELIEF

WHEREFORE, Defendant-Counterclaim Plaintiff Teva Pharmaceuticals USA, Inc., respectfully requests that this Court enter a Judgment and Order in its favor and against Plaintiff-Counterclaim Defendants Takeda Pharmaceutical Company, Ltd., Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc., as follows:

(a) declaring that Teva has not infringed any valid and enforceable claim of U.S. Patent No. 6,328,994;

(b) declaring that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of U.S. Patent No. 6,328,994.

(c) declaring that Teva has not infringed any valid and enforceable claim of U.S. Patent No. 7,431,942;

(d) declaring that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of the U.S. Patent No. 7,431,942.

(e) declaring that Teva has not infringed any valid and enforceable claim of U.S. Patent No. 7,875,292;

(f) declaring that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of the U.S. Patent No. 7,875,292.

(g) declaring that Teva has not infringed any valid and enforceable claim of U.S. Patent No. 7,399,485;

(h) declaring that the manufacture, use, offer to sell, importation, or sale of Teva's ANDA products would not infringe any valid or enforceable claim of U.S. Patent No. 7,399,485;

(i) declaring that the claims of U.S. Patent No. 6,328,994 are invalid under the claim construction assumed by Takeda to assert infringement by Teva ANDA products;

(j) declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Teva its attorneys' fees, costs, and expenses in this action; and

(k) awarding Teva any further and additional relief as the Court deems just and proper.

*/s/ Karen E. Keller*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
George C. Lombardi
Lynn M. Ulrich
John R. McNair
Katherine Hundt
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
(312) 558-7962

Dated: December 7, 2016