IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA PHARMACEUTICALS AMERICA, INC., | |
| Plaintiffs, | |
| v. | C.A. No. 16-246-LPS |
| TEVA PHARMACEUTICALS USA, INC., | |
| Defendant. | |

**PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIMS**

Plaintiffs-Counterclaim Defendants Takeda Pharmaceutical Company Limited ("Takeda Japan"), Takeda Pharmaceuticals U.S.A., Inc. ("Takeda U.S.A."), and Takeda Pharmaceuticals America, Inc. ("Takeda America") (collectively, "Plaintiffs" or "Takeda"), herein answer the Amended Counterclaims (the "Amended Counterclaims") of Defendant-Counterclaimant Teva Pharmaceuticals USA, Inc. ("Defendant" or "Teva"), as follows:

**JURISDICTION AND VENUE**

1. Plaintiffs deny the allegations contained in Paragraph 1 of the Amended Counterclaims, except admit that the Amended Counterclaims purport to arise pursuant to 28 U.S.C. §§ 2201 and 2202.

2. Plaintiffs deny the allegations contained in Paragraph 2 of the Amended Counterclaims, except admit that Defendant purports to invoke jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and admit that the Amended Counterclaims purport to arise pursuant to Title 35 of the United States Code.

3. Plaintiffs admit that the Court has personal jurisdiction over Plaintiffs.

4. Plaintiffs admit that venue is proper in this Court.

5. Plaintiffs admit the allegations contained in Paragraph 5 of the Amended Counterclaims.

## PARTIES

6. Upon information and belief, Plaintiffs admit the allegations contained in Paragraph 6 of the Amended Counterclaims.

7. Plaintiffs admit the allegations contained in Paragraph 7 of the Amended Counterclaims.

8. Plaintiffs admit the allegations contained in Paragraph 8 of the Amended Counterclaims.

9. Plaintiffs admit the allegations contained in Paragraph 9 of the Amended Counterclaims.

## FACTUAL BACKGROUND

### A. FDA Approval of New Brand Name Drugs

10. The allegations contained in Paragraph 10 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 10.

11. The allegations contained in Paragraph 11 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 11.

12. The allegations contained in Paragraph 12 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 12.

13. The allegations contained in Paragraph 13 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 13.

14. The allegations contained in Paragraph 14 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 14.

**B. FDA Approval of New Generic Drugs**

15. The allegations contained in Paragraph 15 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 15.

16. The allegations contained in Paragraph 16 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 16.

17. The allegations contained in Paragraph 17 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 17.

18. The allegations contained in Paragraph 18 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 18.

19. The allegations contained in Paragraph 19 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 19.

20. The allegations contained in Paragraph 20 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 20.

21. The allegations contained in Paragraph 21 of the Amended Counterclaims constitute legal conclusions to which no response is required. To the extent a response is required, Plaintiffs deny the allegations contained in Paragraph 21.

**C. Teva's ANDA**

22. Upon information and belief, Plaintiffs admit the allegations contained in Paragraph 22 of the Amended Counterclaims.

23. Plaintiffs deny the allegations contained in Paragraph 23 of the Amended Counterclaims, except admit that Plaintiff Takeda U.S.A. is the holder of NDA No. 21-428 for lansoprazole delayed release orally disintegrating tablets, which Plaintiff Takeda America sells under the name Prevacid® SoluTab™.

24. Plaintiffs admit the allegations contained in Paragraph 24 of the Amended Counterclaims.

25. Plaintiffs admit the allegations contained in Paragraph 25 of the Amended Counterclaims.

26. Upon information and belief, Plaintiffs admit the allegations contained in Paragraph 26 of the Amended Counterclaims.

27. Plaintiffs deny the allegations contained in Paragraph 27 of the Amended Counterclaims, except admit that Plaintiffs received a letter from Teva, dated February 29, 2016, notifying Plaintiffs that Teva is seeking approval for ANDA No. 208784 prior to the expiration of the patents-in-suit.

28. Plaintiffs admit the allegations contained in Paragraph 28 of the Amended Counterclaims.

29. Plaintiffs deny the allegations contained in Paragraph 29 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to infringement of U.S. Patent Nos. 6,328,994 ("the '994 patent), 7,431,942 ("the '942 patent"), 7,875,292 ("the '292 patent"), and 7,399,485 ("the '485 patent") (collectively, "the patents-in-suit").

**COUNT I**
**(Declaration of Alleged Noninfringement of U.S. Patent No. 6,328,994)**

30. Plaintiffs repeat and reallege their responses to Paragraphs 1-29 of the Amended Counterclaims as if fully set forth herein.

31. Plaintiffs deny the allegations contained in Paragraph 31 of the Amended Counterclaims, except admit that Plaintiff Takeda Japan is the record owner of the '994 patent and that Plaintiffs have brought claims against Teva alleging infringement of the '994 patent.

32. Plaintiffs deny the allegations contained in Paragraph 32 of the Amended Counterclaims.

33. Plaintiffs deny the allegations contained in Paragraph 33 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to infringement of the '994 patent.

34. Plaintiffs deny the allegations contained in Paragraph 34 of the Amended Counterclaims.

**COUNT II**
**(Declaration of Alleged Noninfringement of U.S. Patent No. 7,431,942)**

35. Plaintiffs repeat and reallege their responses to Paragraphs 1-34 of the Amended Counterclaims as if fully set forth herein.

36. Plaintiffs deny the allegations contained in Paragraph 36 of the Amended Counterclaims, except admit that Plaintiff Takeda Japan is the record owner of the ‘942 patent and that Plaintiffs have brought claims against Teva alleging infringement of the ‘942 patent.

37. Plaintiffs deny the allegations contained in Paragraph 37 of the Amended Counterclaims.

38. Plaintiffs deny the allegations contained in Paragraph 38 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to infringement of the ‘942 patent.

39. Plaintiffs deny the allegations contained in Paragraph 39 of the Amended Counterclaims.

**COUNT III**
**(Declaration of Alleged Noninfringement of U.S. Patent No. 7,875,292)**

40. Plaintiffs repeat and reallege their responses to Paragraphs 1-39 of the Amended Counterclaims as if fully set forth herein.

41. Plaintiffs deny the allegations contained in Paragraph 41 of the Amended Counterclaims, except admit that Plaintiff Takeda Japan is the record owner of the ‘292 patent and that Plaintiffs have brought claims against Teva alleging infringement of the ‘292 patent.

42. Plaintiffs deny the allegations contained in Paragraph 42 of the Amended Counterclaims.

43. Plaintiffs deny the allegations contained in Paragraph 43 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to infringement of the ‘292 patent.

44. Plaintiffs deny the allegations contained in Paragraph 44 of the Amended Counterclaims.

**COUNT IV**
**(Declaration of Alleged Noninfringement of U.S. Patent No. 7,399,485)**

45. Plaintiffs repeat and reallege their responses to Paragraphs 1-44 of the Amended Counterclaims as if fully set forth herein.

46. Plaintiffs deny the allegations contained in Paragraph 46 of the Amended Counterclaims, except admit that Plaintiff Takeda Japan is the record owner of the '485 patent and that Plaintiffs have brought claims against Teva alleging infringement of the '485 patent.

47. Plaintiffs deny the allegations contained in Paragraph 47 of the Amended Counterclaims.

48. Plaintiffs deny the allegations contained in Paragraph 48 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to infringement of the '485 patent.

49. Plaintiffs deny the allegations contained in Paragraph 49 of the Amended Counterclaims.

**COUNT V**
**(Declaration of Alleged Invalidity of U.S. Patent No. 6,328,994)**

50. Plaintiffs repeat and reallege their responses to Paragraphs 1-49 of the Amended Counterclaims as if fully set forth herein.

51. Plaintiffs deny the allegations contained in Paragraph 51 of the Amended Counterclaims, except admit that Plaintiff Takeda Japan is the record owner of the '994 patent and that Plaintiffs have brought claims against Teva alleging infringement of the '994 patent.

52. Plaintiffs deny the allegations contained in Paragraph 52 of the Amended Counterclaims, except admit that Takeda served Preliminary Infringement Contentions on October 7, 2016, asserting infringement of the '994 patent.

53. Plaintiffs deny the allegations contained in Paragraph 53 of the Amended Counterclaims.

54. Plaintiffs deny the allegations contained in Paragraph 54 of the Amended Counterclaims, except admit that a justiciable controversy exists between the parties hereto with respect to validity of the '994 patent.

55. Plaintiffs deny the allegations contained in Paragraph 55 of the Amended Counterclaims.

56. Plaintiffs deny the allegations contained in Paragraph 56 of the Amended Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request judgment in their favor:

A. dismissing the Amended Counterclaims with prejudice and denying each and every Prayer for Relief sought by Defendant;

B. granting each and every Prayer for Relief sought by Plaintiffs in the Complaint;

C. declaring that this is an exceptional case, and awarding attorneys' fees pursuant to 35 U.S.C. § 285;

D. awarding Plaintiffs their costs and expenses of suit in prosecuting their affirmative claims and in defending the Amended Counterclaims, including reasonable attorneys' fees;

E. issuing an injunction barring FDA approval of Teva's ANDA No. 208784 and barring Defendant from making, using, offering to sell, selling, or importing into the United States Defendant's ANDA product prior to the expiration of the '994 patent, the '942 patent, the '292 patent, and the '485 patent, including any extensions and/or exclusivities; and

F. granting Plaintiffs such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Jack B. Blumenfeld*

Jack. B. Blumenfeld (#1024)
Maryellen Noreika (#3208)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
mnoreika@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Eric J. Lobenfeld
Arlene L. Chow
Peter H. Noh
Takashi Okuda
Nitya Anand
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000

December 28, 2016

**CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 28, 2016, upon the following in the manner indicated:

John W. Shaw, Esquire *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
David M. Fry, Esquire
SHAW KELLER LLP
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
*Attorneys for Defendant*

George C. Lombardi, Esquire *VIA ELECTRONIC MAIL*
Lynn M. Ulrich, Esquire
Ivan M. Poullaos, Esquire
J.R. McNair, Esquire
Katherine D. Hundt, Esquire
WINSTON &STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
*Attorneys for Defendant*

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)